DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Toy Friedberg, | ) | |
| | ) | CASE NO. 5:06 CV 2746 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| A. Schulman, Inc., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

On November 17, 2006, the Court directed plaintiff to file an amended complaint by

November 30, 2006.  Plaintiff has filed a motion (Doc. No. 6) to stay that order pending the

filing and briefing of a motion to remand.

The case was removed by the defendant from the Summit County Court of Common

Pleas on the assertion that the Complaint sets forth a whistleblower claim under the Sarbanes-

Oxley Act over which this Court has original jurisdiction.  See 18 U.S.C. § 1514A.  Immediately

after removal, defendant filed a motion to dismiss, arguing that Count 1 of the Complaint should

be dismissed because it fails to state a claim under Sarbanes-Oxley.  Apparently, plaintiff is in

complete agreement; in fact, plaintiff insists that the complaint states only a claim of retaliation

under State common law and Ohio Rev. Code § 4113.52.  Plaintiff, therefore, seeks leave to file

a motion to remand prior to being required to amend the complaint.[1]

_____

[1]  While the Court was drafting the instant Order, defendant filed its opposition to
plaintiff's motion.  (Doc. No. 7).

(5:06 CV 2746)

At the time it filed the Order directing plaintiff to file an amended complaint, the Court had not yet read the motion to dismiss[2] and had no knowledge of what it contained.  The motion to dismiss was denied without prejudice to renewal.  Now that the plaintiff has asked to stay any amending until a motion to remand can be filed, briefed, and resolved, the Court has taken a look at the motion to dismiss, which it had summarily denied for record purposes only.  See Doc. Nos. 3, 5.  The Court is now of the view that the motion to dismiss should be re-opened and the plaintiff's current motion to stay should be construed as a response to the motion to dismiss.

The Court has studied the Complaint in light of the motion to dismiss.  There are many references to Sarbanes-Oxley in the factual background sections.  For example, the Complaint alleges as follows:

> 7.  In 2002, the Sarbanes-Oxley Act (Pub.L.No. 107-204, 116 Stat. 745, also known as the Public Company Accounting Reform and Investor Protection Act of 2002 and commonly called SOX or SarbOx; July 30, 2002) was passed (hereinafter, "Sarbanes-Oxley").

> 8.  Sarbanes Oxley is a federal law passed in response to a number of major corporate and accounting scandals, including those affecting Enron, Tyco International and WorldCom.  These scandals resulted in a decline of public trust in accounting and reporting practices.

> 9.  The legislation is wide ranging and established new or enhanced standards for all U.S. public company Boards, management, and public accounting firms.

---

[2]  This Court has the standard practice of personally reviewing every complaint that is filed and/or removed to determine whether it utilizes "boilerplate" methods of pleading, including whether it uses the technique of incorporation by reference, a practice which this Court does not permit.  This Court's order requiring plaintiff to file an amended complaint was not triggered by the motion to dismiss.

(5:06 CV 2746)

      10.  The signing officers must certify that they are "responsible for establishing and maintaining internal controls" and "have designed such internal controls to ensure that material information relating to the company and its consolidated subsidiaries is made known to such officers by others within those entities, particularly during the period in which the periodic reports are being prepared." 15 U.S.C. § 7241(a)(4).

      11.  Pursuant to the requirements imposed upon it by Sarbanes-Oxley, Schulman established an Ethics Hotline, a mechanism by which employees and non-employees of the Company could anonymously report perceived ethics violations.

The Complaint then proceeds to outline the plaintiff's appointment as "Hotline Investigator for Schulman," the procedures followed upon receipt of a Hotline allegation (Compl. ¶¶ 12-18), the details of the particular investigation of "Allegation 15" (Compl. ¶¶ 19-53), and facts in support of plaintiff's claim of whistleblower retaliation (Compl. ¶¶ 54-66).[3]  It then sets forth the causes of action, Count 1 being a claim of "Unlawful Retaliation."

      In view of these allegations, it is difficult to see how plaintiff can assert that there is no Sarbanes-Oxley claim set forth in the Complaint.  The Court construes Count 1 of the Complaint as a Sarbanes-Oxley retaliation claim, as did the defendant when it removed the case from the Summit County Court of Common Pleas.  Since that is so, in order to survive a motion to dismiss, plaintiff must establish that she has met the procedural requirements of Sarbanes-Oxley.

---

    [3]  The gravamen of the complaint is that plaintiff was retaliated against because of her role in the investigation of an alleged ethics violation by a close personal friend of the defendant's CEO, Terry Haines.  Plaintiff claims that, shortly after making her investigation report, which did not exonerate Haines's friend and which plaintiff refused to "doctor" despite Haines's demand, she was up for retirement and was offered a very limited retirement package, completely outside the more generous range of packages typically given by the company.  She claims that this was retaliation for her protected activity related to the investigation.

(5:06 CV 2746)

Before filing a claim in federal court for a Sarbanes-Oxley violation, a plaintiff must first file an administrative complaint with the Secretary of Labor within 90 days of the alleged violation.  18 U.S.C. § 1514A(b).  The Secretary has delegated responsibility for receiving and investigating such complaints to the Occupational Safety and Health Administration ("OSHA").  See 29 C.F.R. § 1980.103.  After a complaint is filed with OSHA, an investigation is conducted within 60 days, followed by a report of the findings.  29 C.F.R. § 1980.105(a).  If the aggrieved individual is dissatisfied with OSHA's findings, she may file objections and request a hearing before an Administrative Law Judge ("ALJ") of the Department of Labor.  29 C.F.R. § 1980.106(a).  The ALJ conducts a *de novo* review and issues a decision, 29C.F.R. § 1980.109(a), which can be appealed to the Administrative Review Board, 29 C.F.R. § 1980.110(a).  An appeal from that decision is made directly to the Court of Appeals for the federal circuit in which the violation occurred or the aggrieved individual resides.  29 C.F.R. § 1980.112(a).  Only if the Administrative Review Board fails to issue a final decision within 180 days of the initial administrative complaint, can an aggrieved person turn for *de novo* review to an appropriate federal district court, which has jurisdiction without regard to the amount in controversy.  29 C.F.R. §§ 1980.103; 1980.114(a).

This administrative process is a prerequisite to filing a claim in federal court.  See Radu v. Lear Corp., No. Civ. 04-40317, 2005 WL 2417625, at *2 (E.D.Mich. Sept. 30, 2005); Powers v. NWA, Inc., No. 05-2468-B/P, 2006 WL 984738, at *3, n.15 (W.D.Tenn. Apr 13, 2006) ("federal district courts have subject-matter jurisdiction of SOX claims only when an action is commenced pursuant to 29 C.F.R. § 1980.114(a)").

4

(5:06 CV 2746)

In this case, the Complaint clearly does set forth one count under the Sarbanes-Oxley Act, but it does not allege exhaustion of administrative remedies.  Absent such exhaustion of remedies, this Court would not have subject matter jurisdiction over the sole claim upon which the case was removed.

As a result, upon re-examination of the defendant's motion to dismiss, in light of plaintiff's motion to stay (Doc. No. 6), the Court is led to believe it should have granted (and should now grant) the motion to dismiss Count 1 and, further, that it should then remand the remaining state law claims to the Court of Common Pleas.

Each party is directed to show cause in writing by December 1, 2006 why the Court should not proceed with this course of action.

IT IS SO ORDERED.


  November 22, 2006                          /s/ David D. Dowd, Jr.
Date                                        David D. Dowd, Jr.
                                            U.S. District Judge